UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


JEFFREY W. WILEMON                                                                                PLAINTIFF

V.                                                              CIVIL ACTION NO.1:02CV174-JAD

FORD MOTOR COMPANY, INC.                                                              DEFENDANT


MEMORANDUM OPINION

The court has before it the defendant's motion for summary judgment (Doc. 149), the plaintiff's response, and the defendant's reply. Jeffrey Wilemon sues for the profound injuries he received in a single vehicle accident when he lost control of the Ford Explorer he was driving and it overturned.

The plaintiff was represented through most of the long history of this litigation by John Booth Farese. Farese retained two experts to establish liability, Ian Jones and Lanny Rhoades, an accident reconstructionist. Ford understood that when Farese withdrew from representing Wilemon, that the experts he retained had been effectively withdrawn. On the basis of that understanding, Ford initially moved for summary judgment asserting that the plaintiff had no expert testimony to prove his case. Ford correctly asserted that plaintiff must have admissible, expert testimony to establish his prima facie case. The plaintiff has countered offering the report and the discovery deposition of Dr. Ian Jones. Plaintiff asserts that he intends to use this deposition at trial and that the deposition establishes each of the elements of his prima facie case. The defendant counters that, even assuming that plaintiff is entitled to offer the deposition, it fails to establish each element of the plaintiff's case.

## SUMMARY JUDGMENT STANDARDS

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Rule 56(e) Fed.R.Civ.P. requires that materials supporting or opposing the motion be admissible at trial. Material that would be inadmissible cannot be considered on a motion for summary judgment since it would not establish a genuine issue of material fact.

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265(1986) If the party with the burden of proof cannot produce any summary judgment evidence on an essential element of his claim, summary judgment is required. *Geiserman v. MacDonald,* 893 F.2d 787, 793(5th Cir. 1990).

The moving party must make an initial showing that there is no dispute of material fact or that there is a failure of proof of an element of the claim. If this showing is made, the non-movant must go beyond pleadings and submit specific evidence showing that there are one or more genuine issues of fact to be resolved by trial. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(emphasis omitted). While all facts are considered in favor of the non-moving party, including all reasonable inferences therefrom, *Banc One Capital Partners Corp. v.*

2

*Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995), the nonmovant's burden, "is not satisfied with 'some metaphysical doubt as to the material facts,' *Matsushita,* 475 U.S. at 586, 106 S. Ct. at 1356, by 'conclusory allegations,' *Lujan,* 497 U.S. at 871-73, 110 S.Ct. at 3180, by "unsubstantiated assertions," *Hopper v. Frank,* 16 F.3d 92 (5th Cir.1994), or by only a "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir.1994)." *Little v. Liquid Air Corp.* at 1075.[1] Summary judgment is appropriate if "critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Armstrong v. City of Dallas,* 997 F.2d 62 (5th Cir.1993). If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted.

These standards have been applied in evaluating the evidence of record in support of and opposition to the motion for summary judgment. Under Mississippi law the plaintiff must prove by a preponderance of the evidence, among other things, as follows: 1) that the product is defective; 2) the defective condition rendered the product unreasonably dangerous to the user; and 3) that the defect in the product proximately caused the damages for which recovery is sought. § 11-1-63(a)(i)-(iii), Miss. Code Ann. The plaintiff is also required to prove in each product liability claim that there existed a feasible design alternative that would have to a reasonable probability prevented the harm. If each of these elements is established by admissible proof, in this case, expert testimony, the motion must be denied. If there is a failure to establish any one element of proof, the proof of other elements is immaterial, and the motion must be granted.

---

[1] Quoting from *Matsushita Electric Indus.Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed. 2d 538(1986) and *Lujan v. National Wildlife Federation*, 497 U.S. 871, 110 S.Ct. 3177, 111L.Ed.2d 695(1990).

## SUMMARY OF PROOF

Jeffrey Wilemon's accident occurred on the evening of January 9, 2000. He was driving his 1998 Ford Explorer on Highway 72 in Tishomingo County. When he spotted a deer in the road he drove the Explorer off the road into the median. He then steered the vehicle attempting to re-enter the highway and lost control. In the process he crossed over the two lanes of travel, proceeded down the side of the road for some time and crossed a boggy ditch. The vehicle rolled over. Though the plaintiff claims to have been wearing this seat belt, he is now paralyzed from the neck down.

The plaintiff relies upon the report and deposition testimony of Ian Jones to establish each element of his claim. Jones is a consulting engineer with extensive experience in Ford rollover litigation. Jones notes that the roadway surface at the time of the accident was dry. He opined that the Ford Explorer is dangerously defective, due to a combination of factors, including a high center of gravity and relatively narrow track width, that make it prone to rolling over. He contends that any vehicle, intended for highway use, should be designed so that it will slide out, rather than roll over during emergency procedures on flat, level surfaces. He states Wilemon lost control during the evasive maneuver and rolled over at least twice before coming to rest on the south side of the road. In his opinions given at his deposition Jones testified that while the Explorers have a tendency to oversteer, he was not going to offer any opinion that the handling of the Explorer caused the accident. He did testify at length regarding his opinion of the defectiveness of the Explorer and that the defect, its tendency to roll over, makes it unreasonably dangerous to consumers and users. He testified to other alternative designs in use in sports utility vehicles that resulted in enough stability so that the vehicle in emergency driving situations, on dry, level pavement would slide out, instead of rolling over like the Explorer.

4

Ford contends that it is undisputed that the rollover in this case occurred well off the paved road. A reading of Jones' testimony demonstrates to the contrary. He opines that the rollover in fact began on the paved portion of the road. But Jones refers in his deposition to a lack of physical evidence regarding the wreck.[2] His opinion is based on the police officer's GPS coordinates locating the accident, the final resting point of the wreck(located because of a stand of small trees at the site) and scratches on the vehicle. He does know at what angle the vehicle left the road, but assumes a 30 degree angle, which he claims is within the average range for this type of maneuver.[3] He does not know where the vehicle left the road. He opines that there were two complete rolls based on scratches on the vehicle.[4] With his assumed 30 degree angle, he measures from the final resting point, 120 feet to his assumed point of exit from the highway. Because he opines that there are two rolls of 60 feet each, he is further of the opinion that the rolling had to have begun on the pavement. Without a known point of departure from the pavement and an assumed angle of departure, even if there were two rolls, Jones' opinion appears to be treading on thin factual ice. [5]

---

[2] His assistant investigated the scene more than three years after the accident, long after the physical evidence of the wreck was gone.

[3] Jones references a paper as supporting the average range for angle of departure, but there is nothing in the record to demonstrate whether this is based on reliable data or methods.

[4] There is not much information in the deposition regarding what he found or how this physical evidence supports his two roll opinion.

[5] In fairness to Jones, this is a discovery deposition, not intended for use at trial. All questioning is by defense counsel, who is experienced in this type of case with Ford. No one was trying to lay the foundation for trial testimony in the deposition. With both sides very familiar with one another, the engineering issues, past testimony, and documentary evidence on both sides of the case, it is apparent that the deposition was a type of shorthand. Because of the familiarity of the defense counsel, Jones' testimony is largely a listing of his contentions and not fleshed out as it would be at trial. But it is what has been tendered to the court in opposition to the motion and the court's decision is therefore based on a deposition not designed for the task before the

If Jones' testimony opining that the rollover began on the pavement is admissible the motion for summary judgment must be denied. The determinative question to be answered is, "Is Jones' opinion that the rollover occurred on the pavement admissible?" In evaluating the admissibility of expert testimony, among the many factors that potentially must be considered is whether the testimony has an adequate factual background. The factual background given by Jones is thin. Does the record otherwise support the opinion he offers on causation in this case.

Wilemon testified at length about the accident . He was traveling in the left lane. He spotted a deer in his lane and pulled off the left side of the road into the median. He traveled 30 to 40 yards on the left shoulder. The vehicle handled fine when he was on the left shoulder. When he started coming back, it jerked hard to the right and began rocking. The body of the vehicle was swaying from right to left. The vehicle went across both of the eastbound lanes of the road. He went across the lanes at an angle. **After crossing the lanes, he headed down the slope of the roadbed**. He then attempted to steer left to bring the vehicle back onto the highway, but the vehicle was not responding.

He gave the same response more than once.

> Q. So you were pulling to the left as you were--was this both as you were going across the highway and then also once you got into the downward slope off the highway?
> A. Yes. And the vehicle would not respond to the left. It kept on going to the right.
> (Deposition of Wilemon p. 111-112)

And another time, he testifies:

> Q. And the next sentence says I continued down the slope into some small trees where the vehicle begins to roll.
> A. Yes.

---

court.

6

> Q. Was it right about the time that you got into those trees that the vehicle began to roll?
> A. I believe so, yes. (Deposition of Wilemon p. 112

Wilemon testified that he still had his hands on the wheel and was trying to get the car to turn to the left as he was going down the slope, off the pavement. Wilemon's testimony does not support Jones' opinion, but at least Jones addresses it, concluding that he thinks Wilemon was mistaken.

Most troubling in this case is that Jones is testifying based upon scant physical evidence gleaned three years after the wreck, when ample physical evidence was available and preserved by plaintiff's other expert, Lanny Rhoades. Rhoades investigated the accident scene within days of the accident. He testified based on physical evidence at the scene from which the sequence of the accident was determined. The sequence of the accident he lays out, based on what he characterizes as ample physical evidence, fully corroborates Wilemon's testimony. He refers to finding evidence showing the vehicle 'flat footed' on the pavement. Nothing in the record indicates that Jones was aware of Rhoades' findings or opinions. He therefore offers no rationale for ignoring the findings of Rhoades' investigation. He offers no proof of how his opinion can be reconciled with the physical evidence Rhoades presents. Additionally Jones' opinion that the rollover was caused by the defective condition of the Explorer is conditional on his opinion that the rollover commenced on the pavement. Jones testified that if the vehicle left the road and did a furrow trip down the slope, he would not be critical of the way the vehicle performed in the accident. Unfortunately for the plaintiff, both his testimony and that of his accident reconstructionist establishes precisely this factual scenario. The sum of Jones' opinions, applied to the facts as developed from the testimony of the plaintiff and the plaintiff's other expert is that the defect in the Ford has not been proved to be the cause of Wilemon's accident and injuries. It is in the opinion of this court that Dr. Jones' opinion, that the rollover

7

commenced on the pavements, lacks the factual foundation necessary to show sufficient reliability to be admitted in evidence. *General Electric Co. v. Joiner*, 118 S.Ct. 512, 519(1997).

There being no admissible proof of that the accident and resulting injuries were proximately caused by the claimed defect, the defendant, Ford Motor Company is entitled to summary judgment.

This the 21st day of September, 2006.

                                           /s/ JERRY A. DAVIS
                                           UNITED STATES MAGISTRATE JUDGE